UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20130-CR- MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIO ARMANDO RAMIREZ CALDERON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Julio Armando Ramirez Calderon. (ECF No. 22). I held that hearing on January 2, 2020, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1. At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant and make all findings and rulings concerning the Defendant's sentence.

2. Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney, and the Assistant United States Attorney all agreed on the record and consented to my conducting the change

of plea hearing.

3.   I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.   The parties entered into a written plea agreement and had that document with them at the hearing. The plea agreement was thereafter filed with the Court. (ECF No. 25). I reviewed that plea agreement on the record, and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count One of the Indictment, which charges Defendant with knowingly and willfully conspiring to import into the United States a controlled substance, specifically 1 kilogram or more of a substance containing heroin, in violation of Title 21, United States Code, Section 963. (ECF No. 25 at 1 ¶ 1). The government agreed to dismiss the remaining counts in the Indictment at the time of sentencing.

5.   The parties also agreed to a written factual proffer and had that document with them at the hearing. This too was later filed with the Court. (ECF No. 26). Defendant said that he read that factual proffer and agreed to its accuracy. He also confirmed that he signed it. Government counsel identified all the essential elements of the offenses to which the Defendant pled guilty, including any applicable sentencing enhancements and/or aggravating factors. Defendant also explained, in his own words, how he committed the crime charged in Count One of the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum period of life imprisonment and the minimum mandatory ten-year term of

imprisonment.

6. Based upon the foregoing and the statements and findings at the plea colloquy, which I incorporate into this Report, I find that Defendant was competent and capable of entering an informed plea and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings and adjudicate Defendant guilty of the crime charged in Count One of the Indictment.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of the crime charged in Count One of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter. I advised Defendant that his sentencing hearing is scheduled for March 10, 2020 at 11:00 a.m.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 2nd day of January 2020, at Miami, Florida.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Donald M. Middlebrooks
      Counsel of record